**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FRANK BURGIO,

                              Plaintiff,

            - against -

THE PRUDENTIAL LIFE INSURANCE
COMPANY OF AMERICA,

                             Defendant.
-----------------------------------------------------------X

**ORDER**

CV 06-6793 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff commenced this action in December 2006 pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), for unlawful denial of benefits. As the discovery phase of this case progressed, Plaintiff filed a motion to compel Defendant to produce certain outstanding discovery [DE 18]. In its September 24, 2008 Order, this Court undertook a lengthy analysis of the availability of discovery outside the administrative record in an ERISA denial of benefits case. The Court ultimately determined that Plaintiff would be entitled to take discovery outside the scope of the administrative record if he could demonstrate there was a reasonable chance that the discovery sought would satisfy the good cause requirement [DE 27 at 22].

The Court next considered the specific discovery items sought by Plaintiff, including Plaintiff's request for information regarding Defendant's contracts, if any, with third party vendors who may have been retained to review medical records, perform independent medical examinations, or conduct surveillance of Plaintiff. Based upon Defendant's assertion that these

contracts contained confidential information, the Court directed Defendant to submit the third party vendor contracts to the Court for an *in camera* review. *Id.* at 26.

Pursuant to this directive, Defendant submitted four documents for *in camera* review. For the reasons set forth below, the Court finds that Defendant is not obligated to produce to Plaintiff any of the documents it submitted for *in camera* review.

**II.     DISCUSSION**

This Court has already determined that in order to justify discovery beyond the administrative record, Plaintiff "need not make a full good cause showing, but must show a reasonable chance that the requested discovery will satisfy the good cause requirement." *Trussel v. Cigna Life Insurance Company of New York*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008) (internal quotation marks omitted); *see also Garg v. Winterthur Life*, No. 07 CV 0510, 2008 WL 4004960, at *7 (E.D.N.Y. Aug. 26, 2008) ("At this point, the Court finds that the plaintiff has shown a reasonable chance that additional discovery may lead to information that will satisfy the good cause requirement. Thus, the Court finds that discovery in this action may proceed outside of the administrative record, in order to allow the court to determine the appropriate standard of review.") (internal citation omitted).

In directing Defendant to submit its third-party vendor contracts to the Court for *in camera* review to determine whether or not those contracts must be produced, the Court relied on *Asuncion v. Metropolitan Life Insurance Company*, 493 F. Supp. 2d 716 (S.D.N.Y. 2007). In that ERISA denial of benefits case, the defendant withheld from production certain contracts it had entered into with third party vendors who were involved in the denial Plaintiff's claim for benefits. *Id.* at 718. The defendant contended that "these documents were not discoverable as

2

they exceed the scope of discovery permitted in an ERISA action." *Id.* at 722. The court "found that the contracts between Met Life and the independent consultants who were involved with the denial of Plaintiff's benefits claim could be relevant to demonstrate that the consultants had a conflict of interest in evaluating Plaintiff's claim." *Id.* Before ordering that these contracts be produced, however, the court "directed that they be submitted for an *in camera* review, so that the Court could determine whether the contracts actually contained any relevant information." *Id.* at 722-23.

After its *in camera* review of the two submitted contracts, the court in *Asuncion* found "no basis" to require the production of the first contract because "[n]othing about that contract suggests that [the third party consultant] served in anything other than an independent capacity." *Id.* at 723. The court did order the defendant to produce the second contract, reasoning:

> Although the contract shows that [the consultant's] pay was not tied to her particular claimant evaluations, there is at least a suggestion in the contract that [the consultant] may have been hired to serve as a consultant in the first instance as the result of her espousal of a particular point of view as to whether it is generally in a claimant's best interest to work, rather than to receive disability benefits. Based on the language of the contract itself, the Court is satisfied that the agreement is relevant to Plaintiff's claims in this case.

*Id.* (quoting *Nagele v. Elec. Data Systems Corp.*, 193 F.R.D. 94, 111 (W.D.N.Y. 2000) ("Whether a medical advisor to a plan administrator exercises independent judgment or functions as an arm of the administrator is relevant to the issue of arbitrary decision making . . . .")).

In this case, Defendant has submitted four contracts it entered into with third-party vendors for the Court's *in camera* review. The Court has thoroughly reviewed each of these contracts and finds that they need not be produced because there is no reasonable chance that

3

they will assist Plaintiff in satisfying the good cause requirement. Importantly, none of the contracts contain any suggestion that the vendors' compensation was tied either to the results of their surveillance of Plaintiff or their review of Plaintiff's claim for long-term disability benefits. As in *Asuncion*, the contracts contain nothing that suggests that these four vendors "served in anything other than an independent capacity." *Id.*

### III. CONCLUSION

For these reasons, the Court finds that Defendant has no obligation to produce the four vendor contracts that it submitted to the Court for *in camera* review.

**SO ORDERED.**

Dated: Central Islip, New York
September 29, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge